Filed 5/13/26  In re R.G. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.G., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.G.,<br><br>Defendant and Appellant. | F090998<br><br>(Super. Ct. No. JD147253-00)<br><br>**OPINION** |

## THE COURT\*

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

Susan M. O'Brien, under appointment by the Court of Appeal, and C.G., in propria persona, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Detjen, J. and Snauffer, J.

Appellant C.G. (father) is the father of R.G. (the child), who is the subject of this dependency case. Father appealed from the juvenile court's orders issued at a dispositional hearing on December 12, 2025, which resulted in the child being placed in foster care and family reunification denied as to father. After reviewing the court record, father's court-appointed counsel informed this court there were no arguable issues to raise on father's behalf. This court granted father leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).) Father filed a letter brief but failed to make such a showing. Consequently, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2025, the Kern County Department of Human Services (department) received a referral alleging general neglect and emotional abuse against father and the child's mother, M.M. (mother). The referral alleged mother and father were "on and off drugs and staying in random hotels." There were concerns that mother was involved in sex work and father was a pedophile. An emergency response social worker attempted to locate the family over the course of two weeks, but their whereabouts were unknown.

A paternal aunt informed the social worker that the parents had an extensive history of homelessness, substance abuse, and domestic violence. Father was identified as the perpetrator with the most recent domestic violence incident occurring in April 2025. Mother repeatedly refused to press criminal charges against father. Both parents had warrants out for their arrest.

Law enforcement located father and the child in a car on June 16, 2025. The child was described as "filthy," and his diaper needed to be changed. The police officer reported father appeared to be under the influence based upon his rapid speech, fluttering eyelids, rambling, and excitement. Father was arrested on a warrant for felony charges under Penal Code section 288. The child was taken into protective custody by law enforcement.

On June 17, 2025, mother spoke to the assigned social worker by phone. Mother reported father was mentally and emotionally abusive. She denied any physical violence or substance abuse in her relationship with father. Mother and father were smoking marijuana while they were driving out of state with the child.

The social worker interviewed father at the jail. Father initially denied any recent use of methamphetamine. However, he eventually admitted to using methamphetamine at the time of his arrest. The social worker inquired of any domestic violence, and he admitted to slapping mother in the head for sleeping with his friend on one prior occasion.

The department filed a petition alleging the child was described by Welfare and Institutions Code section 300, subdivisions (b)(1) and (j).[1] The petition alleged the child was at substantial risk of suffering serious physical harm due to domestic violence and substance abuse by the parents. The petition further alleged the child's siblings were previously removed due to father's substance abuse in 2006.

The detention report detailed father's child welfare history, which included a prior dependency proceeding from 2006 to 2008. Father was provided family reunification services after the child's siblings were removed. In 2007, family reunification services were terminated for father, and his parental rights were terminated for the siblings. On June 20, 2025, the child was detained from the parents' custody, and a combined jurisdiction and disposition hearing was set for August 25, 2025.

The department's jurisdiction report recommended the allegations in the petition be found true. The report detailed father's criminal history, which included several convictions dating back to 2003. The felony convictions involved exhibiting harmful matter to a minor (Pen. Code § 288.2), possession of a stolen vehicle, first degree

---

[1] All further code references are to the Welfare and Institutions Code unless otherwise noted.

3.

burglary, and possession of a firearm by a felon. On June 30, 2025, father was sentenced to two years in prison, and he was required to register as a sex offender. Father was admitted to state prison on July 15, 2025, and he was not eligible for parole until June 2026.

The disposition report recommended family reunification services not be provided to father pursuant to section 361.5, subdivision (b)(10) and (11) based upon the lack of reasonable efforts since the prior proceedings where reunification services and parental rights were terminated for the child's siblings. Family reunification services were recommended for mother.

The social worker advised father of the department's recommendation by phone. Father reported he had been clean and sober for seven years until mother "brought him back into his addiction." The department's assessment concluded father had not demonstrated an ability to mitigate his substance abuse issues since the siblings' removal in 2006.

At the initial jurisdiction and disposition hearing, father appeared by phone and objected to the juvenile court taking jurisdiction over the child. Father presented no additional argument or evidence in support of his objection. The court found the allegations of the petition true, and the disposition hearing was continued November 12, 2025, at father's request.

After an additional continuance, the disposition hearing was held on December 12, 2025. Father contested the department's recommendation, and he testified on his own behalf. Father had been involved in the child's life since his birth in 2023. There were domestic violence and substance abuse classes available for father to complete during his incarceration. Father testified that he was sober for 14 years until he recently "fell back into it." His anticipated release date was in June 2026.

In closing argument, father's counsel asserted that father did not benefit from his previous reunification services because he was only 19 years old at the time of the prior

proceedings. His counsel asked the juvenile court to consider his young age when reunification efforts previously failed, and he requested that father be ordered to participate in family reunification services.

The juvenile court determined that father had not made a reasonable effort to treat the problems that led to the removal of the child's siblings. In reaching its conclusion, the court cited the several years that father had to correct the problems of "drugs and domestic violence and neglect" that led to the removal of the siblings. Family reunification services were not provided to father based upon the court's findings under section 361.5, subdivision (b)(10) and (11). The court refused to find that providing family reunification services to father was in the child' best interest. Family reunification services were provided to mother, and a six-month review hearing was set for June 12, 2026.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In his letter brief, father asserts that he was not under the influence at the time of his arrest, and he claims to have been "clean off drugs" for the past 12 years. He also states that his parental rights were "voluntary[il]y signed over" to a family friend to keep the siblings out of the system in 2007. In the present case, father admitted to recent methamphetamine use during his conversations with the social worker, which further corroborate the statements made by the police officer and paternal aunt. He also had the opportunity to testify about the circumstances surrounding his previous dependency proceedings, but he failed to challenge the department's evidence regarding his child welfare history. Thus, neither of these issues merit additional briefing.

5.

Finally, father notes that his prior dependency case did not involve domestic violence. However, he does not claim that the juvenile court erred when it found that he failed to make reasonable efforts to treat the substance abuse problem that led to the siblings' removal. Because there was substantial evidence to support the court's determination that father failed to address the problem of substance abuse, the court's reference to domestic violence as a problem from the prior proceedings was not prejudicial. "In the presence of substantial evidence, appellate justices are without the power to reweigh conflicting evidence and alter a dependency court determination." (*Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 705.)

Based on the evidence presented, the juvenile court had ample grounds to find that father's failed efforts to treat his long-standing drug addiction was not "reasonable." (See, e.g., *Jennifer S. v. Superior Court* (2017) 15 Cal.App.5th 1113, 1124 [in the context of a "long-term substance abuse issue" lasting for "years," father's "minimal efforts" in substance abuse treatment "mere weeks" before a hearing were "not a reasonable effort to treat th[e] problem for purposes of a section 361.5, subdivision (b)(10) bypass"].)

We acknowledge that father presented some favorable evidence at the hearing, and we commend his efforts to maintain his sobriety. However, our role as an appellate court is not to substitute our judgment for that of the juvenile court or reweigh the evidence. When all of the evidence is considered together, a finding that father failed to make reasonable efforts to treat the substance abuse issue that led to the removal of the child's siblings was supported by substantial evidence. Father's lack of protective capacity and failure to fully understand how the parents' substance abuse affected the child were particularly concerning, as the child is not able to protect himself at such a young age.

Having reviewed father's letter brief, we find father has not made a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 846.) Father's letter brief furnishes no valid argument with supporting legal authorities for his purported claims of error. (See *In re Sade C.*, *supra*, 13 Cal.4th at p. 994 [parents must

6.

" 'present argument and authority on each point made' "].)  Nor does father show that these claims of error, assuming they were true, constitute a basis for reversing the underlying orders.  Accordingly, our review of the challenged orders confirms counsel's determination that no arguable issues exist.

In sum, father has not raised any arguable issues stemming from the disposition hearing.  Further, though we are not required to, we have reviewed the record as it relates to the jurisdiction and disposition hearings, and we have found no arguable issues for briefing.  (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–842.)  Accordingly, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.